TRUSTEES OF THE EASTERN STATES HEALTH AND WELFARE FUND, Joseph Lombardo, as Manager of Knitgoods Workers' Union, Local 155, Unite, Rossy Viteri, Victoria Osoria, Rosa Acosta, Hilaria Almonte and Rodolfo Varela, individually and as representatives of all those similarly situated, Plaintiffs–Appellees,

v.

CRYSTAL ART CORP. and Workpros, Inc., Defendants–Appellants.

Nos. 04–3417(L)–CV, 04–4151(CON)–CV.

United States Court of Appeals, Second Circuit.

May 27, 2005.

Stuart Lichten (Thomas M. Kennedy), Kennedy, Schwartz & Cure, P.C., New York City, for Plaintiffs–Appellees, of counsel.

Carmelo Grimaldi (Michael V. DeSantis), Kaufman, Schneider & Bianco, LLP, Jericho, NY, Submitted for Defendants–Appellants,* of counsel.

Present: KATZMANN, HALL, Circuit Judges and MURTHA, District Judge.**

---

* Because no counsel appeared for the defendants-appellants at oral argument, we consider and resolve the defendants-appellants' claims on the basis of the arguments set forth in their brief.

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

The defendants appeal from the Memorandum and Order of the district court dated May 18, 2004 and from the final judgment entered on July 2, 2004, [JA 221, 223] awarding the plaintiffs attorneys' fees in connection with this Employee Retirement Income Security Act ("ERISA") action as well as in connection with certain related proceedings—namely arbitration proceedings and proceedings before the National Labor Relations Board ("NLRB")—that occurred after this civil action had been filed, but while this civil action had, at defendants' request, been stayed. The district court awarded attorneys' fees pursuant to section 1132(g)(2) of Title 29. *See* 29 U.S.C. 1132(g)(2).

Because we agree with Judge Buchwald that the plaintiffs had "provided the Court with billing records that are sufficiently detailed to allow the Court to identify the substance as well as the amount of work performed," *Trustees of Eastern States Health and Welfare Fund v. Crystal Art Corp.*, No. 00 Civ. 0887, 2004 WL 1118245, at *6 (S.D.N.Y. May 19, 2004), we see no abuse of discretion either in Judge Buchwald's decision to award attorneys' fees on the basis of the record before her, or in her decision to deny the defendants' request for additional discovery. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that the party seeking attorneys' fees must present "billing time records in a manner that will enable a reviewing court to identify [the time spent on] distinct claims"). Additionally, we see no reason to disturb the district court's decision to award attorneys' fees associated with the related arbi-tration and NLRB proceedings, given that those proceedings occurred after this action had been filed and while this action had been stayed. *See Trustees of Eastern States Health and Welfare Fund*, 2004 WL 1118245, at *5 ("It would be contrary to the plain language of Section 1132(g)(2) to hold that defendants could avoid liability for costs and fees merely by securing a stay of the applicable district court action pending resolution of related proceedings . . .").

Accordingly, the judgment of the district court is **AFFIRMED.**